Sanford B. Scidmore, Plaintiff in Error, v. F. A. Hill et al., (Defendants), A. H. Olson, Defendant in Error.

Gen. No. 19,125.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. ROBERT H. SCOTT, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1913. Reversed. Opinion filed November 25, 1914.

### Statement of the Case.

Suit by Sanford B. Scidmore against A. H. Olson and F. A. Hill & Company to recover two hundred dollars as liquidated damages on a contract for the sale of real estate which the defendant failed to complete. By agreement the suit was dismissed as to F. A. Hill & Company, leaving the suit pending against Olson for one hundred dollars. A jury was waived, and on trial of the cause on a written stipulation of facts the court gave judgment in favor of the defendant, whereupon the plaintiff brought error.

CHARLES J. O'CONNOR, for plaintiff in error; R. HAROLD O'CONNOR, of counsel.

WILLIAM A. BOWLES and JAMES E. BOWLES, for defendant in error.

MR. JUSTICE DUNCAN delivered the opinion of the court.

### Abstract of the Decision.

1. VENDOR AND PURCHASER, § 100*—*when buyer must object to title to avoid forfeiture.* Where a written contract for the sale of real estate provided that if objections were not made promptly and within ten days after the abstract was furnished, the earnest money paid should at the option of the seller be forfeited as liquidated damages and the contract be void, the mere fact that the buyer had

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

previously objected to the title because of certain building restrictions would not relieve him of giving notice of the same defects, if he intended to rely on them, within ten days after the abstract was furnished.

2. VENDOR AND PURCHASER, § 242*—*when earnest money may be forfeited.* Where a seller of real estate did not waive the provisions of a contract requiring objections to the title to be made within ten days after the abstract was furnished, he was entitled to recover the earnest money which the contract provided should be forfeited as liquidated damages, even though building restrictions existed which were material defects in the title.

3. VENDOR AND PURCHASER, § 103*—*when provision of contract not waived.* A seller of real estate does not waive provisions of a contract requiring notice of objections to the title to be made within a certain time, even though it appears that the buyer previously objected to such title because of certain building restrictions and a third party, at whose office the contract was to be completed, agreed to have such restrictions removed, where there was no evidence that such third party was the agent of the seller, or authorized to make the promise.